# United States District Court
## WESTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA
V.
**DEMYRON LASHUN ROBINSON**

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 1:13-CR-35

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).
☐ an offense for which the maximum sentence is life imprisonment or death.
☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☒ (1) There is probable cause to believe that the defendant has committed an offense

☒ for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 801 et seq
☐ under 18 U.S.C.§924(c).

☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.
☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is a resident of southwest Michigan, married with children. On or about the year 2000, defendant was convicted of assault with intent to commit bodily harm less than murder and given a sentence of 2 1/2 to 10 years. He was discharged in 2010. However, in August of 2005, defendant was convicted and/or sentenced for delivery of cocaine and received a sentence of 1 to 20 years. He was discharged from this sentence in 2010 as well.

Several months after defendant was discharged from those two convictions, he was (continued on attachment)

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that no condition or combination of conditions will assure the safety of the community from further criminal activity by the defendant, based upon the unrebutted presumption. Defendant's repeated criminal activities, several occurring while he was already under government supervision, does nothing to rebut the presumption. Moreover, even absent the presumption, this record would more than meet the government's burden of showing by clear and convincing (continued on attachment

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: February 7, 2013

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

**Alternate Findings (B)** - (continued)

arrested/convicted of being a felon in possession of a firearm on March 9, 2011.  He represents that he was placed on probation, but after he was convicted on June 22, 2012 for driving without a license and a curfew violation, his probation was revoked and he was returned to prison.  Defendant remained in prison until December 27, 2012, when he was released on parole.  Two weeks later, the present charge of possessing crack cocaine with intent to distribute it occurred (on or about January 13, 2013).

Thus, it appears that from the year 2000 to the present, there has only been a period of a few months when defendant has not either been incarcerated or on parole or probation.  Significantly, three charges or convictions of new criminal behavior have occurred while defendant was under government supervision.

**Part II - Written Statement of Reasons for Detention** - (continued)

evidence that there are no conditions that will assure the safety of the community based upon defendant's demonstrated record of committing new offenses even while under government supervision.